**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for*
*Debtors and Debtors-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Alex Spizz, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CONDADO PLAZA ACQUISITION LLC, | : | Case No.: 20-12094 (MEW) |
| | : | |
| Debtor. | : | (Joint Administration Pending) |

------------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CONDADO PLAZA ACQUISITION OCEAN LLC, | : | Case No.: 20-12095 (MEW) |
| | : | |
| Debtor. | : | (Joint Administration Pending) |

------------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CONDADO PLAZA ACQUISITION LAGOON LLC, | : | Case No.: 20-12096 (MEW) |
| | : | |
| Debtor. | : | (Joint Administration Pending) |

------------------------------------------------------------------ x

**DEBTORS' APPLICATION FOR AN ORDER (A) AUTHORIZING JOINT
ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES; (B) AUTHORIZING
A CONSOLIDATED MAILING MATRIX; AND (C) GRANTING RELATED RELIEF**

TO:   THE HONORABLE MICHAEL E. WILES
      UNITED STATES BANKRUPTCY JUDGE

Condado Plaza Acquisition LLC ("CPA"), Condado Plaza Acquisition Ocean LLC ("Ocean") and Condado Plaza Acquisition Lagoon LLC ("Lagoon"),[1] the above-captioned debtors and debtors-in-possession (individually a "Debtor" and together, the "Debtors"), by their

---

[1] The last four digits of CPA employer identification number are 2094, the last four digits of Ocean's employer identification number are 2095 and the last four digits of Lagoon's employer identification number are 2096. Each of the Debtors maintains a mailing address at 1325 Avenue of the Americas, 28th Floor, New York, New York 10019.

proposed counsel, Tarter Krinsky & Drogin LLP, respectfully represent as follows:

## SUMMARY OF RELIEF REQUESTED

1. By this application (the "Application"), Debtors seek entry of an order, in substantially the form being filed herewith as **Exhibit "A**," (a) authorizing joint administration of the Debtors' Chapter 11 cases (as defined below, the "Cases") for procedural purposes only, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules), and (b) authorizing a consolidated mailing matrix. The Debtors respectfully submit that no party will be prejudiced by virtue of the relief requested in this Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights.

2. In support of this Application, the Debtors rely upon and incorporate by reference the Organization Chart of CPA showing that it owns 100% of Ocean and Lagoon attached as **Exhibit "B"**.

3. Given the provisions of the Code (defined below) and the Bankruptcy Rules, as well as the Debtors' affiliation, joint administration of these Cases is warranted. Both joint administration and a consolidated mailing matrix will avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications, and orders in each of the Cases, thereby saving the Debtors' estates considerable expense and resources. The relief requested will not adversely affect creditors' rights as the Debtors request only administrative, and not substantive, consolidation of their respective estates.

## JURISDICTION, VENUE AND STATUTORY BASES FOR RELIEF

4. This Court has jurisdiction over this Application under 28 U.S.C. §§157 and 1334, and the order of reference, dated July 10, 1984 (Ward, C.J.) as amended by the Amended Standing Order of Reference dated January 31, 2012 (Preska, CJ).

5. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

{Client/001768/56/02179593.DOC;1 }                             2

6. Venue of this proceeding and this Application in this District is proper under 28 U.S.C. §§1408 and 1409.

7. The statutory bases for relief are § 105(a) and Rules 1015(b), 2002(n) and 9007 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

8. On September 9, 2020 (the "Petition Date"), each of the Debtors commenced their Chapter 11 cases (the "Cases") by filing a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "Code"). Pursuant to §§1107(a) and 1108 of the Code, the Debtors continue to operate as debtors-in-possession. No trustee has been appointed. No official committee of unsecured creditors has been appointed.

9. The Debtors are contract vendees under a contract to purchase the Hilton Condado Plaza Hotel and related assets in Puerto Rico. As a result of the Covid-19 pandemic and actions of relevant governmental authorities as a result therefrom the Debtors have been unable to close. The seller has attempted to default the Debtors and retain the five (5) million dollar contract deposit. The seller commenced litigation in New York Supreme Court Monroe County as this was the only New York State court open for new filings during the height of the pandemic. The Debtors intend to remove the litigation to this Court and preserve the contract and close.

10. Each of the Debtors is owned and/or controlled by a common ownership.

## REQUEST FOR JOINT ADMINISTRATION

11. The Debtors respectfully request at this time to have their Cases jointly administered, without substantive consolidation, with the <u>In re Condado Plaza Acquisition LLC</u> Case being designated as the lead Case. The Debtors respectfully submit that joint administration will ease and expedite management of their Cases and eliminate considerable expenses arising as a result of multiple filings in these Cases.

12.     Pursuant to Rule 1015(b), "(i)f . . . two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).  The Debtors are affiliated entities and share the same board of directors and substantially similar ownership.  This Court is therefore authorized to grant the requested relief.

13.     It would be far more practical and expedient for the administration of these Cases if the Court were to authorize their joint administration.  It is likely that many of the motions, hearings and orders that will arise in the Cases will affect both Debtors.  Without joint administration of these matters, the Debtors will be required to file pleadings in each of their Cases, and any interested parties will be required to do the same.  Such duplication of efforts and expenses will continue if joint administration is not authorized.  Consequently, joint administration will reduce costs and facilitate a more efficient administrative process, unencumbered by the procedural problems otherwise attendant to the administration of separate, albeit related, Cases.

14.     Joint administration will also allow the Court and the Debtors to employ a single docket for all of the Cases and to confine, and thereby simplify, notices to creditors and other interested parties. Joint administration will also enable interested parties in each of the Cases to stay apprised of all matters before the Court. Finally, joint administration will ease the burden on the United States Trustee in supervising these Cases.

15.     The rights of the Debtors' respective creditors will not be adversely affected by the joint administration of the Cases because this Motion requests only administrative, not substantive, consolidation of the estates.  As a result of the relief requested herein, all of the Debtors' creditors will benefit from the reduced costs to the estate, and to themselves, as a result of the requested joint administration.  The Court will also be relieved of the burden of entering

duplicate orders and maintaining duplicate files. Finally, supervision of the administrative aspects of the Cases by the United States Trustee will be simplified.

16. Based on the foregoing, the joint administration of the Cases is in the best interests of the Debtors, their creditors, and all other interested parties. Accordingly, the Debtors respectfully request entry of an order directing that, with the exception of Schedules, Statements of Financial Affairs, and matters relating exclusively to a single Debtor, all future pleadings and orders, whether captioned in one or more of the Cases, be filed and docketed exclusively under the docket number of <u>In re Condado Plaza Acquisition LLC</u> Case No. 20-12094 (MEW) as the lead case.

17. The Debtors also request that the caption of the lead case be modified to reflect the joint administration of such cases, as follows:

```
-----------------------------------------------------------------x
In re:                                        :   Chapter 11
                                              :
CONDADO PLAZA ACQUISITION LLC, et. al.        :   Case No.: 20-12094 (MEW)
                                              :
                    Debtor.                   :   (Jointly Administered)
-----------------------------------------------------------------x
```

18. The Debtors also request that a docket entry be made in each of the Cases as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of In re Condado Plaza Acquisition LLC, Case No. 20-12094 (MEW), In re Condado Plaza Acquisition Ocean LLC, Case No. 20-12095 (MEW) and In re Condado Plaza Acquisition Lagoon LLC, Case No. 20-12096 (MEW). The case docket in Case No. 20-12094 (MEW) (Condado Plaza Acquisition LLC) should be consulted for all matters affecting the above listed cases.

## REQUEST FOR CONSOLIDATED MAILING MATRICES

19. As the Cases each have separate but overlapping mailing matrixes, the Debtors request that all future notices to the creditors or other interested parties in the Cases be

directed to be made from one consolidated mailing matrix, so as to avoid duplicate mailings and related costs.

## NOTICE

20.     Notice of this Application has been sent to the United States Trustee for the Southern District of New York.  In light of the procedural nature of the relief requested, the Debtors respectfully submit that no further notice is required.

## NO PRIOR REQUEST

21.     No prior request for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** the Debtors respectfully request the entry of an order of this Court, in substantially the form being filed herewith as **Exhibit "A,"** and granting to the Debtors such other and further relief as this Court deems just and proper.

Dated: New York, New York
       September 10, 2020

**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for*
*Debtors and Debtors-in-Possession*

By:   /s/ Alex Spizz
      Alex Spizz
      1350 Broadway, 11th Floor
      New York, New York 10018
      (212) 216-8000

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CONDADO PLAZA ACQUISITION LLC, | : | Case No.: 20-12094 (MEW) |
| | : | |
| Debtor. | : | (Joint Administration Pending) |

---------------------------------------------------------------- x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CONDADO PLAZA ACQUISITION OCEAN LLC, | : | Case No.: 20-12095 (MEW) |
| | : | |
| Debtor. | : | (Joint Administration Pending) |

---------------------------------------------------------------- x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CONDADO PLAZA ACQUISITION LAGOON LLC, | : | Case No.: 20-12096 (MEW) |
| | : | |
| Debtor. | : | (Joint Administration Pending) |

---------------------------------------------------------------- x

**ORDER (A) AUTHORIZING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES; (B) AUTHORIZING A CONSOLIDATED MAILING MATRIX; AND (C) GRANTING RELATED RELIEF**

Upon consideration of the Application, dated September 10, 2020 (the "Application")[1] of the above-captioned Debtors for an Order, (i) directing the joint administration of the Debtors' separate Chapter 11 cases for procedural purposes only; (ii) authorizing a consolidated mailing matrix; and (iii) granting related relief; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Application is in the best interests of the Debtors, their estates, their creditors and other interested parties; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED AS FOLLOWS:**

1. The Application is GRANTED as set forth in this Order.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Application.

{Client/001768/56/02179645.DOC;1 }

2. Each of the above-captioned Cases of the Debtors be, and hereby are, consolidated for procedural purposes only and shall be jointly administered by the Court.

3. Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of any of the Cases

4. The caption of the jointly administered Cases shall read as follows:

```
-----------------------------------------------------------------x
In re:                                        :    Chapter 11
                                              :
CONDADO PLAZA ACQUISITION LLC, et al.         :    Case No.: 20-12094 (MEW)
                                              :
                    Debtor.                   :    (Jointly Administered)
-----------------------------------------------------------------x
```

5. All original pleadings shall be captioned as indicated in the preceding decretal paragraph, and all original docket entries shall be made in the Case of <u>In re Condado Plaza Acquisition LLC</u>, Case No.: 20-12094 (MEW) as the lead Case.

6. A docket entry shall be made in each of the Cases substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of In re Condado Plaza Acquisition LLC, Case No. 20-12094 (MEW), In re Condado Plaza Acquisition Ocean LLC, Case No. 20-12095 (MEW) and In re Condado Plaza Acquisition Lagoon LLC, Case No. 20-12096 (MEW). The case docket in Case No. 20-12094 (MEW) (Condado Plaza Acquisition LLC) should be consulted for all matters affecting the above listed cases.

7. The Debtors shall file separate Schedules, Statement of Financial Affairs and matters relating exclusively to a single Debtor.

8.  This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated:   New York, New York
        September _____, 2020

                                 HONORABLE MICHAEL E. WILES
                                 UNITED STATES BANKRUPTCY JUDGE

No Objection to Entry of this Order:

By:_____

*Office of the United States Trustee
for the Southern District of New York*

{Client/001768/56/02179645.DOC;1 }    3

**EXHIBIT B**

# CONDADO PLAZA ACQUISITION LLC
### ORGANIZATION CHART
### (SEPTEMBER 8, 2020)

